**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Richard Tacquard,<br><br>         Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>         Respondents. | No. CV-18-02711-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on Petitioner John Richard Tacquard's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) ("Petition") and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Michelle H. Burns on November 19, 2019 (Doc. 34). Following a sound analysis, Magistrate Burns recommended the Petition be denied and dismissed with prejudice. (*Id.* at 21). Petitioner filed an Objection (Doc. 35), to which Respondents did not respond. Petitioner has also subsequently filed a Motion for Issuance of Subpoena (Doc. 36); a Notice of Subpoena (Doc. 37); a Motion to Compel Disclosure by Respondents of Complete and Accurate State Court Documentary Evidence not Submitted by Respondents to District Court to Date (Doc. 38); a Notice Preserving Claim of Error of Adjudicative Facts Plain Intentional Error by Respondents Refusal to Comply with Mandatory Court Rule Concerning all State Court Record Being Incomplete and Inaccurate/Prosecutor Misconduct (Doc. 39); a Motion for Judgment on the Pleadings (Doc. 40); a Motion for Copy of Court Docket (Doc. 41); and a Motion for Court Docket and Certified Copies

(Doc. 42) (collectively, "Post-Objection Filings").

Prior to issuing her R&R on his Petition, Judge Burns denied a motion from Petitioner (Doc. 21) requesting various documents and discovery from Respondents. (Doc. 26). Petitioner then appealed that ruling to this Court, which is also pending before the Court. (Doc. 30).

**I.    The R&R**

As detailed below, Petitioner raises seven grounds for relief in his timely-filed Petition:

(1) Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated because the trial court "abused [its] authority" by "applying [an] unpublished case opinion";
(2) Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated when Maricopa County Attorney Jeffrey Davendack intentionally suppressed physical evidence;
(3) Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court abused its discretion;
(4) Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated because his trial counsel was ineffective. Petitioner specifically argues counsel failed to: (a) properly investigate the VIN; (b) interview Detective Winston Brown regarding the VIN; (c) present Elmore's testimony; (d) seek to suppress screwdriver testimony; (e) request a Willits instruction; and (f) report trial court's error for using an unpublished case to preclude the "bill of sale" testimony;
(5) Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court "refused to rule on Pre-Evidentiary Hearing Motions";
(6) Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated because his post-conviction relief counsel was ineffective; and
(7) Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the Arizona Court of Appeals "refused to address the proven issues with record in support."

(Doc. 34 at 5-6; *see also* Docs. 5, 1). The Magistrate Judge determined that the claims stated in Grounds One, Two, Three, Five, Six, and Seven were procedurally defaulted without an excuse for the default, and that Ground Four failed on the merits. (Doc. 34 at 6). The Magistrate Judge recommends that the Petition be denied and dismissed with

prejudice. (*Id.* at 21).

## II.     Petitioner's Appeal

The Court will first address Petitioner's Appeal (Doc. 30) of Magistrate Judge Burns' Order (Doc. 26) denying his Motion for an Order Compelling Discovery of All State Court Briefs and Decisions.  In denying Petitioner's Motion, Magistrate Judge Burns found that Petitioner had failed to establish good cause for his requests under Rule 6 of the Rules Governing § 2254 Cases.  She also noted that Petitioner had been provided with all of the responsive documents Respondents had utilized in their Limited Answer to the Petition for Writ of Habeas Corpus.  In his Appeal, Plaintiff contends that the requested "documents and state court decisions on those documents are not discovery requests – they are Court Rule 5(d)(1)(2)(3) Governing Section 2254 mandatory disclosures respondents must submit to this Court, that has not been complied with to date. . ." (Doc. 30 at 1-2). He also broadly asserts that there has been "substantial suppression of historical state court documents and record by Respondents blatant Court Rule violation [sic]." (*Id.* at 2).

### A.     Standard of Review

"A district judge may reconsider a magistrate's order in a pretrial matter if that order is 'clearly erroneous or contrary to law.'" *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (quoting 28 U.S.C. § 636(b)(1)(A)).  *See also Grimes v. City & County of S.F.*, 951 F.2d 236, 240 (9th Cir. 1991) ("The district court shall defer to the magistrate's orders unless they are clearly erroneous or contrary to law.") (citing Fed. R.Civ. P. 72(b)). "'The clearly erroneous standard applies to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed *de novo*.'" *Lovell v. United Airlines, Inc.*, 728 F. Supp. 2d 1096, 1100 (D. Haw. 2010) (quoting *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007)). Under the "clearly erroneous" standard, "'a reviewing court must ask whether, 'on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'" *In re Optical Disk Drive Antitrust Litigation*, 801 F.3d 1072, 1076 (9th Cir. 2015) (internal quotes omitted).  *Accord Easley v. Cromartie*, 532 U.S. 234, 242 (2001).

"A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Lovell*, 728 F. Supp. at 1101 (internal quotations omitted).

### B. Analysis

In his Appeal, Petitioner contends that Respondents were obligated to disclose his requested documents under Rule 5(d). In doing so, he states that various documents from the state court proceedings were not disclosed with Respondents' Answer and that the disclosure of these documents is mandatory under Rule 5(d). He says Rule 5(d) requires that Respondents "supply the Court with ANY brief and ANY prosecution answer and ANY court opinions and dispositive order." (Doc. 30 at 2). Accordingly, he argues, without clear reference, that Respondents have failed to disclose over 40 documents from his state court proceedings.

First, the Court agrees with the Magistrate Judge that Petitioner was provided with all responsive documents used in Respondents' Answer, several of which appear to be documents Petitioner requested in his Motion. Second, Petitioner's reading of Rule 5(d) is too broad. Subsections 5(d)(1)(2) and (3) of the Rules Governing Section 2254 cases provide that a respondent must file with its answer, a copy of "any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding," "any brief that the prosecution submitted in an appellate court relating to the conviction or sentence," and "the opinions and dispositive orders of the appellate court relating to the conviction or the sentence." *See* Rule 5(d)(1)(2) and (3) of the Rules Governing Section 2254. On its plain terms, Rule 5(d) does not mandate the breadth of disclosure Petitioner suggests; indeed, it certainly does not contemplate that a respondent shall disclose every submission filed or order issued in Petitioner's state court proceedings. It is not clear from Petitioner's motion whether his requested documents fall within one of the three categories of Rule 5(d)'s mandated disclosure. By the descriptions Petitioner gives, some clearly do not, as they were not filed in an appellate court or issued by an appellate court, e.g., Petitioner's requested "pre-

evidentiary hearing motions." (Doc. 21 at 2).

Petitioner also argues Magistrate Burns erred by applying Rule 6 of the Rules Governing Section 2254 cases to his disclosure requests. But Judge Burns' application of Rule 6's good cause standard was not contrary to law. *Lovell*, 728 F. Supp. at 1101. She correctly noted that unlike a regular civil litigant, a habeas petitioner is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing Section 2254 cases provides that, for good cause, the court may "authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6 further provides that the party "requesting discovery must provide reasons for the request," and must "include any proposed interrogatories and requests for admission and must specify any requested documents." *Id.*; *See Bracy v. Gramley*, 52 U.S. 899, 904 (1997) (a party to a habeas corpus proceeding may utilize the discovery tools available under the Federal Rules of Civil Procedure, if the court grants leave to do so for "good cause shown").

Petitioner argues that the disclosure of his listed documents is necessary so that he can respond to Respondents' exhaustion arguments. Notably, Petitioner does not identify which of these documents is responsive to Respondents' exhaustion arguments, or which ones would reflect that the claims in his federal habeas petition have been fairly presented to the state court. A review of the documents submitted with Respondents' Limited Answer to Petitioner's Petition shows that Respondents disclosed (1) the briefing Petitioner and Respondents submitted to the Arizona Court of Appeals on direct appeal; (2) the Arizona Court of Appeals Mandate and Memorandum Decision; (3) the briefing Petitioner and Respondents submitted in his Post-Conviction Relief proceedings, and Petitioner's Petition for Review; and (4) the Arizona Court of Appeals Mandate and Memorandum Decision on Petitioner's Petition for Post-Conviction Relief. (Doc. 13-1, List of Exhibits at 1). These are the record documents that are relevant to the exhaustion query. The fact that Petitioner's entire state court record is not being provided to the Court does not indicate an intent to deceive the Court – nor does it establish the cause needed to mandate the

additional disclosure. "[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. United States District Court (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996). The Court therefore cannot find that Judge Burns erred in finding that Petitioner had not shown good cause for the additional disclosure.

For the foregoing reasons, the Court concludes that Judge Burns' denial of Petitioner's motion was not contrary to law. Rule 5(d) does not mandate the extensive disclosure Petitioner says it does. The Court also agrees with Judge Burns' conclusion that Petitioner has not demonstrated good cause for the additional requested documents. Petitioner's Appeal is denied.

**III.    Petitioner's Objection to the R&R**

Petitioner filed an Objection to Judge Burns' R&R on January 31, 2018 (Doc. 35). As in his Appeal, Petitioner generally objects that he has not been provided a complete record of his state court proceedings, and that a complete record would show that he properly exhausted all of his claims. He repeats this complaint in his Post-Objection Filings (Docs. 35-42), which the Court will construe as untimely objections to the R&R.

**A.    Standard of Review**

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo*

review of a R&R is only required when an objection is made to the R&R"). Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

Similarly, Rule 72(b)(2) requires "*specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(2) (emphasis added). "Although the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R & R, rather than specific objections, the Court is relieved of any obligation to review it." *Martin v. Ryan*, 2014 WL 5432133, at *2 (D. Ariz. 2014) (citing *See, e.g., Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. 2013) ("[A] general objection 'has the same effect as would a failure to object.'")); *Gutierrez v. Flannican*, 2006 WL 2816599 (D. Ariz. 2006) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). *See also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) (finding that "a party must object to [a] finding or recommendation. . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" and citing cases standing for same proposition from the Third, Sixth, Seventh, and Tenth Circuits).

**B.     Analysis**

Petitioner's Objection generally takes issue with the Magistrate Judge's conclusion that Petitioner failed to exhaust the claims in his Petition. He argues that "Respondents have intentionally refused to submit a complete and accurate state court record to this District Court" and that a complete record would prove that he exhausted all claims in his Petition. (Doc. 35 at 1-2). Petitioner then lists 22 documents he says "must be disclosed by Respondents proving exhaustion." (Doc. 35 at 3). He does not explain how any of these documents show that he exhausted the claims in dispute, but repeatedly argues that Respondent's refusal to "submit the mandatory state court record while advocating failing to fairly present claims to each level of state courts is a falsehood committed that now the

Magistrate has adopted…" (Doc. 35 at 4).

With regards to Grounds One and Two, the Magistrate Judge correctly noted that the claims therein were presented in Petitioner's PCR petition, but not on direct appeal. (Doc. 34 at 11, 12). The Magistrate Judge found that these claims were accordingly procedurally defaulted under state law, as they could have been presented on direct appeal, but were not, and Petitioner was now barred from returning to adjudicate them there. (*Id.*) There is no error in this finding; Petitioner did not assert in his direct appeal that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court referenced and applied an unpublished case opinion (Ground One), or when the county attorney allegedly intentionally suppressed physical evidence (Ground Two). (*See* Doc. 13-3, Ex. O at 74-95). A claim that is not presented to the state courts in a procedurally correct manner is properly deemed procedurally defaulted, and is generally barred from habeas relief for the same reasons an unexhausted claim is generally barred: because it deprives a state court of an opportunity to address the claim first. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Any objection Plaintiff has as to the Magistrate Judge's finding that Grounds One and Two were procedurally defaulted are overruled.

The Magistrate Judge similarly found Grounds Three, Five, Six, and Seven were procedurally defaulted because Petitioner had failed "to present the claims alleged [therein] to any level of state court." (Doc. 34 at 12). As noted above, Petitioner repeatedly asserts that various documents are missing from the record on review that would show he exhausted these claims. Again, however, Petitioner does not specify which, if any, of these documents establish that he presented the claims in Grounds Three, Five, Six and Seven to any state court. Because Petitioner has failed to alert this Court "of the true ground for the objection" with enough specificity, he has not triggered a *de novo* review of his objection that the claims in Grounds Three, Five, Six, and Seven are unexhausted. *Midgette*, 478 F.3d at 622. Notwithstanding, the Court has carefully reviewed (1) Petitioner's direct appeal briefing (Doc. 13-3, Exs. O & Q); (2) the Arizona Court of Appeals' ruling on his direct appeal (Doc. 13-3, Ex. R); (3) Petitioner's *pro se* Supplemental Petition for Post-

Conviction Relief brief and supporting reply brief (Doc. 13-3, Exs. T & V); and (4) the Arizona state court's rulings on his Petition for Post-Conviction Relief (Doc. 13-3, Exs. W & Y), all of which were in the record before the Magistrate Judge, and agrees that none of these documents reflect that Petitioner fairly presented the issues presented in Grounds Three, Five, Six, and Seven to a state court at any level, at any time. The Petitioner's objection to the Magistrate Judge's conclusion as to Grounds Three, Five, Six, and Seven are therefore also overruled. Moreover, the Court agrees with the Magistrate Judge that Petitioner has failed to establish cause or prejudice that would excuse the defaults. Specifically, the Court rejects that Petitioner's *pro se* status is cause to excuse his defaults. The Court also agrees with the Magistrate that despite his proclamations that his "innocence is a fact," he has not demonstrated any other cause and prejudice or a fundamental miscarriage of justice that would excuse these defaults. *Coleman*, 501 U.S. at 750-51.

Finally, Petitioner has not objected to the Magistrate Judge's assessment of his Ground Four claims, which were evaluated on the merits. The Court has nevertheless reviewed the Magistrate Judge's analysis and agrees with and adopts her recommendations as to Ground Four and its sub-parts.

Accordingly,

**IT IS ORDERED** that Petitioner's Appeal of Magistrate Judge Burns' Order denying his motion for an order requesting documents and discovery from Respondents (Doc. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Burns' Report and Recommendation (Doc. 34) is **ACCEPTED** and **ADOPTED** as the Order of this Court. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**. All of Petitioner's Post-Objection Filings (Docs. 35-42) are also **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis

on appeal are **DENIED** because dismissal of the Petitioner is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 18th day of November, 2020.

Honorable Diane J. Humetewa
United States District Judge